IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
ANDREW WOLTERS,                    :
                                   :
        Petitioner                 :
                                   :
    v.                             :   CIVIL NO. 3:CV-13-472
                                   :
J. E. THOMAS, WARDEN,              :   (Judge Conaboy)
                                   :
        Respondent                 :
```
_____

### MEMORANDUM
### Background

Andrew Wolters, an inmate presently confined at the McCreary United States Penitentiary, Pine Knot, Kentucky (USP-McCreary), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as sole Respondent is Warden Thomas who is employed at the Petitioner's prior place of confinement, the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[1]

Petitioner does not challenge the legality of his criminal conviction, the resulting sentence, or the execution of his sentence.[2] Rather, Wolters states that following his September

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. This action was initiated by Wolters while he was held at USP-Lewisburg.

[2] Wolters is serving a 1999 sentence imposed by the United States District Court for the Central District of California.

1

6, 2011 arrival at USP-Lewisburg he was confined in the prison's Special Management Unit (SMU) in retaliation for filing complaints of sex abuse and refusing to participate in the Inmate Financial Responsibility Program (IFRP).[3]  See Doc. 1, p. 7, Ground One. He also asserts that prison officials verbally threatened his safety.  While housed in the SMU, Petitioner further contends that he was subjected to physical and sexual assaults and was denied showers.

   Petitioner next describes himself as being a non-gang member who was improperly housed with street gang members in the SMU in an effort discourage him from filing lawsuits.[4]  See id. at Ground Two.  He explains that prison staff ignore Bureau of Prison (BOP) policy by not segregating gang members and by using them to prevent non-affiliated inmates from exercising their constitutional rights.

   Wolter also seeks relief with respect to disciplinary proceedings which resulted in loss of good time credit.  He

---

   [3]  The IFRP encourages federal prisoners to meet their financial responsibilities by entering into a contractual payment schedule developed for the inmate with the assistance of BOP staff. An inmate's failure to participate in this program or to make agreed payments can affect his or her eligibility for participation in various BOP programs and may be considered for purposes of parole review.

   [4]  Wolters indicates that because he is not affiliated with any street gang he was not suitable for SMU placement and that his designation to said unit was retaliatory.

2

contends that he was issued "numerous false disciplinary reports in retaliation for complaints of sex abuse assaults [and] denial of medical treatment." Id., Ground Three. Wolters elaborates that he was issued seven (7) and perhaps as many as twenty (20) such retaliatory misconducts in 2012 including allegations of interfering with a security device, threatening bodily harm (3 charges); assault, refusing a direct order (2 charges); and destroying government property.[5]

Ground Four of the petition asserts that false entries were made in Petitioner's inmate file as additional retaliation. In an amended supporting statement (Doc. 4) Petitioner asserts that he is being denied needed medical care because of his initiation of lawsuits.

## Discussion

### Conditions of Confinement

Respondent argues in part that Wolters is not entitled to relief with respect to his claims challenging the conditions of his confinement as such allegations are not properly raised in a federal habeas corpus petition. See Doc. 7, p. 14.

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

---

[5] The petition does not specify or clearly describe which misconduct charges are being challenged in this action.

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993).  Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."  Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that Wolter's contentions of retaliatory mistreatment while confined in the USP-Lewisburg SMU do not claim entitlement to speedier or immediate release from custody nor do they challenge the legality of his present incarceration.  Those claims simply do not raise a claim related to the execution of his sentence as contemplated in Woodall.  Rather, although Petitioner's

4

allegations that he was verbally threatened; denied showers and needed medical care; improperly housed with gang members; subjected to false entries in his prison file; and physically and sexually assaulted by USP-Lewisburg officials raise violations of his constitutional rights they do not allege a loss of good time credits or an improper extension of the length of his confinement.

Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Wolters' incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.). Accordingly, since "habeas corpus is not an appropriate or available federal remedy" with respect to those allegations they are subject to dismissal without prejudice. See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

**Claim Preclusion**

Respondent next asserts that while confined at USP-Lewisburg Petitioner was the subject of seven (7) disciplinary proceedings. The Respondent argues that claims pertaining to three of those disciplinary proceedings were previously raised before this Court by Wolters in a prior habeas corpus action and therefore are subject to dismissal. See Doc. 7, p. 2.

In Wolters v. Thomas, Civil NO. 3:CV-12-1115 this Court addressed claims by Petitioner pertaining to: (1) Incident

5

Report (IR) 2262689, which was issued on or about February 1, 2012 and accused him with possession of a weapon; (2)  IR 2271147 was issued on or about February 21, 2012 which accused him of bribery; and (3) IR 2301718 issued on May 9, 2012 charging him with extortion and insolence.

This Court agrees that since those disciplinary charges and proceedings have already been raised before and addressed by this Court in Wolters, Civil NO. 3:CV-12-1115 which was closed on October 20, 2014, the instant petition to the extent that it again challenges the legality of those same three misconducts is subject to dismissal.  See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention including § 2241 petitions which challenge the execution of a federal sentence); McCleskey v. Zant, 499 U.S. 467, 483 (1991) (a person is precluded from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition).

**Administrative Exhaustion**

Respondent next seeks dismissal of the four (4) remaining disciplinary proceedings initiated against Petitioner at USP-Lewisburg on the grounds that Wolters failed to exhaust his

6

available administrative remedies.[6]

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)(emphasis added). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is only excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the

---

[6] With respect to one of those charges. IR 2385125, tearing up clothing, Petitioner admitted his guilt and was not sanctioned to a loss of good conduct time. See Sandin v. Conner, 515 U.S. 472, 480-84 (1995)(the due process safeguards set forth in Wolff apply when the challenged disciplinary proceeding results in a loss of good time credits).
   The other three misconducts did culminate with Petitioner being sanctioned to a loss of good conduct time.

7

issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond. Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. Id. at § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

In support of the non-exhaustion argument, Respondent has submitted a declaration under penalty of perjury by USP-Lewisburg Attorney Advisor Jennifer Knepper. See Doc. 7-1, Exhibit 1. Attorney Knepper states that a review of the BOP's computerized index of administrative remedies reveals that since

8

Wolters has been in federal custody he has filed 235 administrative grievances. See id. at ¶15.

However, Knepper's declaration elaborates that since his arrival at USP-Lewiburg, "Wolters has not filed any administrative remedies concerning disciplinary proceedings." Id. Based upon that failure, Respondent concludes that Petitioner's action is subject to dismissal on the basis of non-exhaustion.

Petitioner generally counters that he attempted to seek administrative relief but was denied access to the grievance procedure, received threats, and was given false disciplinary reports. See Doc. 12, p. 4. Those purported actions made "the administrative remedy/appeal process unavailable." Id.

The pending § 2241 petition is dated February 19, 2013,[7] and will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

A federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative

---

[7] See Doc. 1, p. 12.

9

remedy process.  See  Ramsey v. United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.).

Based upon the undisputed record, Petitioner initiated this federal habeas corpus action before exhausting his available BOP administrative remedies in regards to the challenged misconduct charges.  Wolters does not dispute that he knew how to pursue administrative relief.  See Doc. 40, p. 2. Petitioner's initiation of 235 administrative grievances also supports a determination that he knew hos to utilize the BOP grievance procedure.

Moreover, attached to Wolters' reply is an exhibit which indicates that after the filing of this action he initiated a proper administrative grievance dated November 28, 2012.  See Doc. 12-1, p. 12.  Based upon the above, Petitioner offers no viable explanation as to why he failed to properly pursue administrative relief  prior to the initiation of this action. His submissions simply do not provide an arguable basis for a determination under the limited Lyons exceptions that he should be excused from the exhaustion requirement.  On the contrary, Petitioner's documented history of pursuing BOP administrative remedies, including at least one administrative grievance during

10

the period when he was allegedly being denied access to the process undermines his vague request to be excused from the exhaustion requirment.

Accordingly, the request for dismissal on the basis of non-exhaustion will be granted under the standards developed in Moscato and Ridley.  See Murray v. Grondolsky 2009 WL 2044821 *2 (D.N.J. 2009)( dismissal of § 2241 action for non-exhaustion of administrative remedies); Morgan v. Borough of Carteret, 2008 WL 4149640 *5 (D.N.J. 2008) (dismissal for non-exhaustion of administrative remedies).  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.  An appropriate Order will enter.


>                         S/Richard P. Conaboy
>                         RICHARD P. CONABOY
>                         United States District Judge


DATED: NOVEMBER 20, 2014

11